DECISION AND JUDGMENT ENTRY
Appellant, Calvin T. Goggins, was a passenger in a car stopped on the Ohio Turnpike for a minor traffic infraction. While the Ohio Highway Patrol trooper who initiated the stop investigated an expired rental agreement for the car in which appellant was riding, a second officer with a drug-sniffing dog circled the vehicle. After the dog alerted, a search revealed in excess of five hundred grams of cocaine powder and more than a gram of crack cocaine in the trunk of the car.
Appellant was indicted on two counts of drug possession, pled not guilty and moved to suppress the drugs as the product of an unlawful search. When the trial court denied the motion, appellant changed his plea to no contest and was found guilty as charged. This appeal followed.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte
transfer this matter to our accelerated docket and hereby render our decision.
In a single assignment of error, appellant asserts that the trial court erred when it overruled his motion to suppress the drugs from evidence.
Appellant concedes that his traffic stop was lawful and that a dog sniff is not a search within the Fourth Amendment context. See State v. Palicki (1994), 97 Ohio App.3d 175, 180. Appellant argues, however, that the search of a vehicle justified by a dog sniff is limited to that part of the car upon which a dog has alerted. It is settled law in this district that such is not the case. State v. Bolding (May 28, 1999), Erie App. No. E-97-115, unreported.
Appellant also argues that the trooper's detention of appellant and his vehicle until the arrival of the drug-sniffing dog was unreasonable and constituted the type of "fishing expedition" disfavored by this court and others. See id. Had the trooper drawn out a simple traffic stop merely as a stall to allow the K-9 unit to arrive, this may have been true. However, if, in the course of a traffic stop, an officer observes circumstances that give rise to a reasonable suspicion of illegal activity beyond the scope of the original stop, the officer may detain the driver for as long as that new reasonable articulable suspicion continues. Id.; State v. Venham (1994), 96 Ohio App.3d 649,655-656; State v. Myers (1990), 63 Ohio App.3d 765, 771.
In this matter, the stop was continued because the rental agreement on the car had expired and the vehicle's lessee was not among its occupants. This gave rise to the belief that the car may have been stolen. This is an articulable reasonable suspicion beyond the scope of the initial stop which warranted further investigation. The suppression hearing testimony of the investigating trooper indicated that the drug dog alert occurred during this investigation. Therefore, the officer's detention of appellant was not unreasonable and the trial court properly denied his motion to suppress.
Accordingly, appellant's single assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ JAMES R. SHERCK, J.
PETER M. HANDWORK, J., MARK L. PIETRYKOWSKI, J., CONCUR.